IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL J. SHERMAN,                     §
                                       §
          Appellant,                   §
                                       §          CIVIL ACTION NO.
V.                                     §
                                       §          3:08-CV-1516-K
WILLIAM LaMOTHE, et al.,               §
                                       §
          Appellees.                   §

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from the bankruptcy court's order granting summary judgment in Adversary No. 06-03533 on June 9, 2008, and Appellees' Motion for Leave to File a Sur-reply (Doc. No. 17). The Court **DENIES** the motion for leave to file a sur-reply and turns to the appeal of the bankruptcy court's order.

Appellant Daniel J. Sherman, Chapter 7 Trustee for Velocita Worldwide Logistics, Inc. ("Velocita"), seeks to recover from Appellees their pro rata share of a $1,850,000 settlement paid by Velocita in an underlying state court action. The bankruptcy court granted summary judgment for Defendants-Appellees, finding no right of contribution or indemnification pursuant to a settlement agreement.

This Court reviews *de novo* the bankruptcy court's decision. *See Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002). A bankruptcy court's order granting summary judgment is correct when the pleadings and evidence in the record establish that no genuine issue of material fact

exists and the trustee is entitled to summary judgment as a matter of law. *Matter of Criswell*, 102 F.3d 1411, 1414 (5th Cir. 1997). A lower court's grant of summary judgment should be affirmed if the judgment can be supported on any ground. *Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 (5th Cir. 1981).

Appellant raises several issues on appeal: (1) whether the bankruptcy court erred in concluding that a judgment entered under a settlement agreement does not provide a basis in law or in equity for a subsequent contribution claim; (2) whether the Bankruptcy Court erred in concluding that a right of contribution does not arise out of the agreed order entered into under the settlement agreement in this case; (3) whether the Bankruptcy Court erred in concluding that no right of contribution exists in this case because the prior judgment was entered pursuant to a settlement agreement; and (4) whether the Bankruptcy Court erred in its decision on the parties' respective motions for summary judgment.

First, it is important to note that indemnity and contribution are mutually exclusive; one with a right of indemnity has no right of contribution against the indemnitor. RESTATEMENT (THIRD) OF TORTS § 23(c). In the bankruptcy court, Appellant pursued an indemnity claim that has been dropped here in favor of solely contribution.

There is no common law right to contribution among joint tortfeasors in Texas. *Iowa Mfg. Co. v. Weisman Equip. Co.*, 667 S.W.2d 209, 211 (Tex. App.—Austin 1983,

writ ref'd n.r.e.) (citing *Bradshaw v. Baylor University*, 52 S.W.2d 1094, 1101 (Tex. Civ. App. 1932)).   Contribution thus must be statutorily created or based on a contract among joint tortfeasors, as Appellant alleges here.   The underlying settlement agreement and agreed final judgment settled tort claims for misappropriation, tortious interference with contract and prospective business relationships, unfair competition, violations of various statutory provisions, and a host of other claims.   The agreed final judgment notes the defendants are joint and severally liable.

By statute, each defendant who is jointly and severally liable is liable for the damages recoverable by the claimant pursuant to statute in proportion to the respective percentage of responsibility.   TEX. CIV. PRAC. & REM. CODE § 33.015.   If a defendant who is jointly and severally liable pays a larger proportion of those damages than is required its percentage of responsibility, that defendant has a right of contribution for the overpayment against each other defendant with whom its is jointly and severally liable to the extent that the other defendant has not paid the proportion of those damages required by that other defendant's percentage of responsibility.   *Id.*

Yet there is no statutory right to contribution among defendants who enter into a joint settlement agreement that resolves all of a plaintiff's claims.   *Southwestern Bell Tel. Co. v. Gen. Cable Indus., Inc.*, 966 S.W.2d 166, 171 (Tex. App.—El Paso 1998, pet. denied).   The statute does not *create* a right of contribution in a settling party, but it also does not *prohibit* a contractual contribution claim.   *Id.*   In *Southwestern Bell*, the

settlement agreement specifically provided for a "right to assert the claim for contribution or indemnity"—that is, it explicitly created a contractual claim for contribution between settling defendants. *Id.* at 168. "Although a settling defendant does not have a statutorily created right to seek contribution, neither of the [statutory provisions] prohibited the parties from creating a right to contribution by settlement agreement." *Id.* at 171.

Because there is no statutory right of contribution among settling defendants and no such provision was written into the contract, Appellant would have the Court imply one in the contract. "Under Texas law, there is a very limited right of contribution on a breach of contract claim; that is, a contribution right exists among co-guarantors on a note, or in any situation where there is an implied promise of co-obligors to pay their proportionate shares of a common obligation." *Interstate Contracting Corp. v. City of Dallas*, No. 3:98-CV-2913-M, 2000 WL 1281198, at *4 (N.D. Tex. Sept. 8, 2000) (Lynn, J.), *rev'd on other grounds*, 407 F.3d 708 (5th Cir. 2000).

Texas public policy favors settlements to effectuate the efficient administration of justice. *Elbaor v. Smith*, 845 S.W.2d 240, 250 (Tex. 1992). Appellant would have the Court open up a state court's agreed judgment, signed on May 25, 2004, in an ultimately futile attempt to determine the pro rata liability of ten individual defendants. Such an action would frustrate Texas public policy of encouraging settlement. Settling tortfeasors may agree among themselves as to their respective responsibility for a

- 4 -

plaintiff's damages, *e.g.*, *Southwestern Bell*, 966 S.W.2d at 171, rather than ask a court five years later to do the work for them.

Here, there is no mention of contribution (or indemnity) between the Defendants in the settlement agreement.  The settling parties were free to negotiate a provision providing for contribution.  They did not include such a provision, and the Court is unwilling to imply one for them.  The bankruptcy court was thus correct in granting Defendants-Appellees' motion for summary judgment, finding no basis in law or in equity for a contribution claim.

After review of the bankruptcy court record, the briefs of the parties, and the applicable law, the Court concludes that the bankruptcy court's determination was correct.  The decision of the bankruptcy court is **AFFIRMED**.  The Clerk is hereby directed to prepare, sign and enter the judgment pursuant to Bankruptcy Rule 8016(a).

**SO ORDERED**.

March 26th, 2009.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE